**Ronald WASHINGTON,
Plaintiff–Appellant,**

v.

**William H. REHNQUIST, et al.,
Defendants–Appellees.**

No. 05–1453.

United States Court of Appeals,
Federal Circuit.

Sept. 28, 2005.

Ronald Washington, pro se.

Before MAYER, CLEVENGER, and GAJARSA, Circuit Judges.

*ORDER*

PER CURIAM.

We consider whether Ronald Washington's appeal should be dismissed for lack of jurisdiction.

In the United States District Court For the District of Columbia, Washington sued justices of the United States Supreme Court and other federal judges, alleging civil rights violations because the defendants ruled against him in other matters. The district court dismissed the case for

failure to state a claim upon relief could be granted, because judges and justices have absolute immunity for actions taken in a judicial or quasi-judicial capacity. *See Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Washington appealed, seeking review by this court.

This court is a court of limited jurisdiction. 28 U.S.C. § 1295. The underlying matter involves civil rights violations outside of this court's jurisdiction. The usual course is to transfer the appeal to the regional circuit, in this case the Court of Appeals for the District of Columbia Circuit, pursuant to 28 U.S.C. § 1631. However, section 1631 allows us to transfer an appeal only if transfer would be "in the interest of justice." If an appeal is frivolous, it is not in the interest of justice to transfer to another court. *See Galloway Farms, Inc. v. United States,* 834 F.2d 998, 1000–01 (Fed.Cir.1987) ("[t]he phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits"). Transfer of this appeal would not be in the interest of justice.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.